No. 15-3110

In The
United States Court of Appeals
For The Eighth Circuit

**Robert Allen Morgan**
*Appellant*

*v.*

**COMMISSIONER OF INTERNAL REVENUE SERVICE**
*Appellee*

**APPEAL FROM THE TAX COURT OF THE UNITED STATES**

# APPELLANT'S BRIEF


**Appellant**
Robert Allen Morgan
P.O. Box 72
Amegard, North Dakota 58835
Phone 512-639-3263

**Appellee**
Laurie Snyder
U.S. Dept. of Justice
Tax Div./Appellate Section
P.O. Box 502
Washington, D.C. 20044
202-514-6066

## Table of Contents

Table of Contents ........ i

Table of Authorities ........ ii

I. Jurisdiction ........ 1

A. Subject Matter Jurisdiction of Article III Federal Courts in the several States. ........ 1

B. Appellant Has the Burden of Invoking Subject Matter Jurisdiction. ........ 3

C. The Tax Court Is An Article I Legislative Court. ........ 4

D. Tax Court is an Independent Agency ........ 5

E. The Tax Court Interpretes and Applies Only "Internal Revenue Laws." ........ 6

a. "Revenue Act of 1924, 43 Stat. 285-355. ........ 7

b. "Revenue Act of 1942," 56 Stat. 798-985. ........ 8

c. "Internal Revenue Code of 1954, Vol. 68A. ........ 9

F. The Tax Court of the United States is an Inquisitional Court. ........ 10

G. Appellee (Respondent–C.I.R. in Tax Court Dkt. No. 21778-14) Claims Subject Matter Jurisdiction ONLY Under Internal Revenue Laws. ........ 10

II. Statement of the Issues ........ 11

A. Subject Matter Jurisdiction and 8th Circuit. ........ 11

III. Statement of the Case. ........ 12

IV. Summary of the Argument. ........ 12

V. Argument. ........ 13

A. Tax Court of the ONLY Remedy Offered by Congress and It Adjudicates ONLY "Public Rights" Doctrine. ........ 13

B. Jurisdiction of USDC in the District of Columbia is "Public Rights" Doctrine Under the Plenary Power of Congress. ........ 17

C. The Tax Court Interpretes and Applies "Internal Revenue Laws." ........ 23

D. *Stare Decisis* and Precedent. .......... 26
E. Only Supreme Court Can Overule one Of it Precedents .......... 28
F. Personal Jurisdiction. .......... 30
a. "citizen of North Dakota." .......... 31
b. The Fourteenth Amendment Doesn't Apply To "citizens of the United States" in the District of Columbia. .......... 33
c. The Fifteenth Amendment Does not Confer any Right of Suffrage on Anyone .......... 35
G. Public Rights Doctrine and Tax Court. .......... 35
H. The Known Legal Duty is an Issue of Law. .......... 37
I. The Jurisdiction Of The Federal United States District Courts and Of the Courts of Appeals Within the Terrortial Boundaries of the several States Are Prohibited From Adjudicating Non-judicial issues (Tax Court of the United States), But the United States District Courts and Appeals Court in the District of Columbia Can Adjudicate Article I. .......... 38
J. There is NO Case or Controversy Jurisdiction in 8th Circuit Court of Appeals in the Territorial Boundaries of the several States Precluding any "Subject Matter Jurisdiction" and Venue Regarding the "Internal Revenue Laws" .......... 41
VI. Conclusion. .......... 41

## Table of Authorities

### Cases

*Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000) ... 2

*Adamson v. California*, 332 U.S. 46, 67 S.Ct. 1672, 171 A.L.R. 1223 .......... 23



Appellate Case: 15-3110 Page: 3 Date Filed: 11/05/2015 Entry ID: 4334124

*Adamson v. California*, 332 U.S. 46, at page 68, 67 S.Ct. 1672, 1684, 171 A.L.R. 1223, dissenting opinion of Mr. Justice Black........................................22

*Am. Ins. Co. v. Canter,* 26 U.S. (1 Pet.) 511, 546, 7 L.Ed. 242 (1828) .................19

*American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–542, 95 L.Ed. 702 (1951) ..........................................................................17

*American Insurance Co. v. Canter*, 1 Pet. 511, 546, 7 L. Ed. 242.........................36

*Arewcibo Community Health Care, Inc. v. Commonwealth of Puerto Rico*, 270 F.3d 17 (1st Cir. 2001) ..........................................................................28

*Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 433 (1989) .. 2, 17

*Bakelite Corporation*, 279 U. S. 438, 451, 49 S. Ct. 411, 413, 73 L. Ed. 789 .......36

*Bakelite,* 279 U.S. at 450–51, 49 S.Ct. at 413 ...........................................13

*Baltimore & Ohio R. R. Co. v. Interstate Commerce Commission*, 215 U. S. 216, 30 Sup. Ct. 86, 54 L. Ed. 164..........................................................39

*Basso v. Utah Pwr. & Lt. Co.* 495 F.2d 906, 909 (10th Cir. 1974)...........................2

*Bates & Guild Co. v. Payne*, 194 U. S. 106, 109, 24 S. Ct. 595, 48 L. Ed. 894 .....36

*Brink's Mat Ltd. V. Diamond*, 906 F.2d 1519, 1521 (11th Cir. 1990)....................31

*Burfenning v. Chicago, St. Paul, etc., Rwy. Co.,* 163 U. S. 321, 323, 16 S. Ct. 1018, 41 L. Ed. 175 ..........................................................................36



Appellate Case: 15-3110 Page: 4 Date Filed: 11/05/2015 Entry ID: 4334124

*Burnet v. Coronado Oil & Gas Co.*, 285 U.S. 393, 406 (1932) (*Brandeis, J., dissenting*) ........ 28

*California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972) ........ 16

*Cartier v. Jackson*, 59 F.3d 1046, 1046 (10th Cir. 1995) ........ 25

*Cherokee Nation of Oklahoma v. Norton*, 389 F.3d 10741086 (10th Cir. 2004) ........ 30

*Chrysler*, 441 U.S. at 295, 99 S.Ct. at 1714 ........ 25

*Commodity Futures Trading Commission v. Schor*, 478 U.S. 833, 853-854 (1986) 2

*Corfield v. Coryell*, 6 F.Cas. 546, 551, 552 (1823) ........ 33

*Crowell v. Benson*, 285 U.S. 22, 50-51 (1932) ........ 35

*Crowell v. Crowell,* 285 U.S. 22, 50 (1932) ........ 1

*Crowell,* 285 U.S. at 50–51, 52 S.Ct. at 292 ........ 13

*Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 847 (11th Cir. 1988) ........ 31

*E.E.O.C. v. Konos, Inc.* , 694 F.3d 353, 362 (3rd Cir. 2012) ........ 29

*Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382, 57 S.Ct. 273, 81 L.Ed. 289 ........ 30

*Ex parte Siebold*, 100 U. S. 371, 398, 25 L. Ed. 717 ........ 39

*Finley v. United States*, 109 S.Ct. 2003, 2012 FN2 (2012) *Stevens, Brennan, Marshall dissenting opinion*; *Verlinder B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 491 (1983) ........ 2



Appellate Case: 15-3110 Page: 5 Date Filed: 11/05/2015 Entry ID: 4334124

*First National Bank of Boston v. Bellotti*, 436 U.S. 765, 780 FN15 (1978) .......... 34

*Freytag v. Commissioner of Internal Revenue,* 501 U.S. 868, 891–92, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991) .......... 14

*Freytag*, 501 U.S. at 891 .......... 23

*Goldberg v. Kelly*, 397 U.S. 254, 269-270 (1970) .......... 20

*Gordon v. United States*, 117 U. S. 697, appendix .......... 39

*Grandfinanciera v.* Nordberg, 492 U.S. 33, 69 (1989) .......... 1

*Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 51 n. 8, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) .......... 18

*Greene v. McElroy*, 360 U.S. 474, 496—497, 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377 (1959) .......... 21

*Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) .......... 24

*Grosjean v. American Press Co.*, 297 U.S. 233, 244 (1936) .......... 34

*Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982) .......... 24

*Hayburn's Case,* 2 Dall. 410, note (1 L. Ed. 436) .......... 39

*Hays v. Hoffman*, 325 F.3d 982, 987 (8th Cir. 2003) .......... 3

*Hohn v. United* States, 524 U.S. 236 (1998); *Johnson v. United* States, 135 S.Ct. 2551, 2563 (2015) .......... 27

*Houston v. St. Louis Packing Co.*, 249 U. S. 479, 484, 39 S. Ct. 332, 63 L. Ed. 717 .......... 36



Appellate Case: 15-3110 Page: 6 Date Filed: 11/05/2015 Entry ID: 4334124

*Hubbard v. United States,* 514 U.S. 695, 711, (1995) .......... 28

*Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232.......... 22

*Hurtado v. California,* 110 U.S. 516, 531, 4 S.Ct. 111, 118, 28 L.Ed. 232.......... 23

*ICC v. Louisville & N.R. Co*., 227 U.S. 88, 93—94, 33 S.Ct. 185, 187—188, 57 L.Ed. 431 (1913) .......... 21

in *Corfield v. Coryell*, 6 F.Cas. 546, 551, 552 (1823).......... 32

*In re Oliver*, 333 U.S. 257, 279-280 (1948).......... 22

*Insurance Corp. of Ireland, Ltd, et al., v. Compagnie des Bauxites de Guinee*, 102 S.Ct. 2099, 2014 (1982).......... 39

*Insurance Corp. of Ireland, Ltd, et al., v. Compagnie des Bauxites de Guinee*, 102 S.Ct. 2099, 2015 (1982).......... 35

*Insurance Corp. of Ireland, Ltd, et al., v. Compagnie des Bauxites de Guinee*, 102 S.Ct. 2099, 2104 (1982).......... 2

*Insurance Corp. of Ireland, Ltd, et al., v. Compagnie des Bauxites de Guinee*, 102 S.Ct. 2099, 2105 (1982).......... 30

*International Shoe Co. v. Federal Trade Commission,* 280 U. S. 291, 297, 50 S. Ct. 89, 74 L. Ed. 431 .......... 36

*Keller v. Potomac Electric Company*, 261 U. S. 428, 440, 442, 443, (1923)... 15, 40

*Keller v. Potomac Electric Power Co. Inc.*, 262 U.S. 428, 442-444 (1923).......... 38

*Keller v. Potomac Electric Power Co.*, 261 U. S. 428, 442-444, 43 S. Ct. 445, 67 L. Ed. 731 .......... 36

*Kendall v. United States,* 12 Pet. 524, 619, 9 L. Ed. 1181 .......... 39

*Kimble v. Marvel Entertainment*, 135 S.Ct. 2401 [held @ 2404], 2410 (2015) ..... 28

*Kineen v. Wells*, 11 N.E. 916, 918, 919 (Sup.Jud.Ct.Mass. 1887) .......... 32

*Klien v. United States*, 94 F.Supp..2d 838 (S.C. Mich 2000) .......... 2

*Klien v. United States*, 94 F.Supp.2d 838 (S.D.Mich. 2000) .......... 13

*Kuretski v. C.I.R.*, 755 F.3d 929, 939 (D.C. Cir. 2014) .......... 2

*Kuretski v. C.I.R.*, 755 F.3d 929, 943 (D.C. Cir. 2014) .......... 23

*Lance v. Coffman*, 549 U.S. 437, 439 (2007) .......... 20

*Landes v. Brant*, 51 U.S. 348, 364 (1850) .......... 18

*Laskowski v. Spellings*, 443 F.3d 930 (7th Cir. 2006) .......... 10

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) .......... 3

*Le Grand v. United States*, 12 F. 577, 578, 579 (Cir.Ct. E.D.Tx. 1882) .......... 35

*Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951) .......... 24

*Lewis v. C.I.R.*, 523 F.3d 1272, 1274 (10th Cir. 2008) .......... 25

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) .......... 20

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 561 (1992) .......... 15

*Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884) **FN9** .......... 17

*Marx & Co. v. Diners Club, Inc.*, 550 F.2d 505, 509-510 (2nd Cir. 1977), *cert denied,* 434 U.S. 861 (1977) ........ 38

*McDonald v. City of Chicago*, 130 S.C. 3020, 3062 (2010) ........ 34

*Murray's Lessee v. Hoboken Land & Improvement Co.,* 59 U.S. (18 How.) 272, 284, 15 L.Ed. 372 (1856) ........ 13

*Muskrat v. United States*, 219 U. S. 346 (1902) ........ 15

*Muskrat v. United States*, 219 U. S. 346, 31 Sup. Ct. 250, 55 L. Ed. 246. ........ 39

*National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964) ........ 35

*National Mutual Ins. Co. v. Tidewater Transfer Co.*, 337 U.S. 582, 646-655 (1949) *Fankfurter, J. dissenting* ........ 2

*National Safe Deposit Co. v. Stead,* 232 U.S. 58, 34 S.Ct. 209, 58 L.Ed. 504 ........ 34

*Neild v. District of Columbia*, 110 F.2d 246, 250 FN10 (1940) ........ 33

*Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 8 (1989) ........ 3

*Nucor Corp. v. Nebraska Public Power Dist,* 891 F.2d 1343, 1346 (8th Cir. 1989) 3

*Ohio ex rel. Lloyd v. Dollison,* 194 U.S. 445, 24 S.Ct. 703, 48 L.Ed. 1062) ........ 34

*Olatnju v. Ashcroft,* 387 F.3d 383, 400 (4th Cir. 2004) ........ 29

Omni Capital Int'l 484 U.S. at 104, 108 S.Ct. 404 *(quoting* Insurance Copr. Of Ireland v. Compagnie des Bauxites de Guinee*, 458 U.S. 694, 702 (1982)* ........ 30

*Omni Capital Intern., Ltd, v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)... 2, 17

*Omni Capital International, LTD, v. Rudolf Wolff & Co, LTD*, 484 U.S. 97, 104 (1987) ........ 31

*Passavant v. United States,* 148 U. S. 214, 219, 13 S. Ct. 572, 37 L. Ed. 426 ....... 36

*Patterson v. McLean Credit Union*, 491 U.S. 164, 164, 172 (1989) ........ 28

*Payne v. Tennessee*, 501 U.S. 808, 827-828 (1991) ........ 27

*Payne v. Tennessee*, 501 U.S. 808, 828 (1991) ........ 28

*Pearson v. Callahan*, 555 U.S. 223, 233 (2009) ........ 28

*Peay v. Bellsouth Medical Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000) 31

*People's Bank v. Calhoun*, 102 U.S. 256, 260-261 (1880) ........ 2

*Phillips v. Commissio*ner, supra; *United States v. Ju Toy*, 198 U. S. 253, 263, 25 S. Ct. 644, 49 L. Ed. 1040 ........ 36

*Postum Cereal Co. Inc. v. California Fig Nut Co.*, 272 U.S. 693, 700-701 (1926) 1, 12, 15, 40

***Postum Cereal Co. v. California Fig Nut Co***., 272 U. S. 693, 700, 47 S. Ct. 284, 71 L. Ed. 478 ........ 36

*Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003) ........ 2

*Prentis v. Atlantic Coast Line Company*, 211 U. S. 210, 225, 226, (1908) ...... 15, 40

*Resale Mobile Homes, Inc. v. C.I.R.*, 965 F.2d 818 (10th Cir. 1992) *cert. denied,* 506 U.S. 574, (1992) ........ 25

*Rosenstiel v. Rodriguez*, 101 F.3d 1544, 1558 (8th Cir. 1996) ........ 2

*Ruhrgass AG v. Marathon Oil Co. et al.*, 526 U.S. 574, 575 (1999) ........ 30

*Samuels, Kramer & Co. v. C.I.R.*, 930 F.2d 975, 992 (2nd Cir. 1991) ........ 13

*Samuels, Kramer & Co. v. Commissioner of Internal Revenue,* 930 F.2d 975, 991–92 (2d Cir.1991) ........ 14

*Shshone Mining Co. v. Rutter*, 177 U.S. 505, 511 (1900) ........ 17

*Sigmon Coal Co., Inc. v. Apfel*, 226 F.3d 291, 299 (4th Cir. 2000) ........ 30

*Silberschein v. United States,* 266 U. S. 221, 225, 45 S. Ct. 69, 69 L. Ed. 256 ...... 36

*St. Joseph Stock Yards Co. v. United States,* 298 U.S. 38, 94 (1936)) (Stone and Cardozo, JJ., concurring in result) ........ 28

*State of Georgia v. Stanton*, 73 U.S. 50, 60 (1867) ........ 41

*State of Mo. ex rel. Missouri Highway and Transp. Com'n v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir. 1997) ........ 2

*State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) ........ 24

*State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) ........ 27, 28

*State v. Main*, 37 A. 80, 84 (Sup.Ct.Err. Conn. 1897) ........ 24

*Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 102 (1998) ........ 20



Appellate Case: 15-3110 Page: 11 Date Filed: 11/05/2015 Entry ID: 4334124

*Sunshine Haven Nursing Operations*; *LLC v. U.S. Dept. of HHS, Centers Medicare & Medicaid Serv.*, 742 F.3d 1239, 1249 (10th Cir. 2014) .................................... 2

*Tagg Bros. & Moorhead v. United States*, 280 U. S. 420, 442, 50 S. Ct. 220, 74 L. Ed. 524 ........................................................................................................ 36

*Thomas v. St. Louis Bd. Of Police Com'rs*, 447 F.3d 1082, 1086 (8th Cir. 2006) .. 29

*Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 589, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) ................................................................................ 18

*Thomas v. Union Carbide Agricultural Products Co,* 473 U.S. 568, 589 (1985) .... 1

*Thurston Motor Lines v. Rand*, 460 U.S. 533, 535 (1983) .................................. 29

*Thurston Motor Lines v. Rand*, 460 U.S. 533, 535 (1983) (per curiam) ................ 29

*Tuck v. United States Auto. Ass'n*, 859 F.2d 842 (10th Cir. 1988) (quoting Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir.1974)), cert. denied, 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989) ........................................... 3

*Twining v. New Jersey*, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97 ............................ 23

*U.S. v. Cruikshank*, 92 U.S. 542 (1875); S.C. 1 Woods, 322 ............................... 35

*U.S. v. Reese*, 92 U.S. 214 (1875) ....................................................................... 35

*United States ex rel Ketroser v. Mayo Foundation* 729 F.3d 825, 827 (8th Cir. 2013) ........................................................................................................... 3

*United States v. Anthony*, 24 F.Cas. 829, 829, 830 (Cir.Ct. N.D.N.Y. 1873 .......... 32

*United States v. Anthony*, 24 F.Cas. 829, 830 (Cir.Ct. N.D.N.Y. 1873) ................ 32



Appellate Case: 15-3110 Page: 12 Date Filed: 11/05/2015 Entry ID: 4334124

***United States v. Babcock***, 250 U. S. 328, 331, 39 S. Ct. 464, 63 L. Ed. 1011 ....... 36

*United States v. Barnett*, 578 F.3d 600, 602 (8th Cir. 2009) .................................. 29

*United States v. Bird*, 359 F.3d 1185, 1189 (9th Cir. 2004) ................................. 29

*United States v. Critzer*, 498 F.2d 1160, 1162 (4th Cir. 1974) ................................ 38

*United States v. De la Garza*, 516 F.3d 1286, 1272 FN4 (11th Cir. 2008) ............ 31

*United States v. Ferreira,* 13 How. 40, 52, 14 L. Ed. 42 ........................................ 39

*United States v. Holt*, 264 F.3d 1215, 1239 (10th Cir. 2001) ................................. 29

*United States. v. Ingredient Tech. Corp.*, 698 F.2d 88 (2nd Cir. 1983) .................. 37

*United States. v. Mallas*, 762 F.2d 361 (4th Cir. 1985) .......................................... 38

*United States. v. Pirro*, 96 F.Supp.2d 279, 283 (D.C. S.D. N.Y. 1999). *Affirmed in U.S. v. Pirro*, 212 F.3d 86 ( 2nd Cir. 2000) ............................................................ 37

*United Stats v. Lanni*, 466 F.2d 1102, 1110 (3rd Cir. 1972) .................................... 38

*v. United States*, 219 U. S. 346 (1902) ..................................................................... 40

*Valley Forge Christian Coll. v. Americans United*/or *Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982) (quoting *United States v. Students Challenging Regulatory Agency Procedures* (SCRAP), 412 U.S. 669, 687 (1973)) ........................................................................................................... 20

*Vasquez v. Hillery*, 474 U.S. 254, 254, 265-266 (1986) .......................................... 27

*Vasquez v. Hillery*, 474 U.S. 254, 265 (1986) ........................................................ 27



Appellate Case: 15-3110 Page: 13 Date Filed: 11/05/2015 Entry ID: 4334124

*Vermont Agency of Natural Res. v. US. ex rel. Stevens*, 529 U.S. 765, 771 (2000); ........ 20

*Virginian Railway Co. v. United States*, 272 U. S. 658, 663, 47 S. Ct. 222, 71 L. Ed. 463 ........ 36

*Wallace v. Jaffree*, 432 U.S. 38, FN 26 ........ 29

*Warth v. Seldin*, 422 U.S. 490, 499 (1975) ........ 20

*Weems v. United States*, 217 U.S. 349, 386 (1910) ........ 18

*Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 823 (8th Cir. 2010) ..... 3

Wheeler v. Comm'r, 127 T.C. 200, 208, 2006 WL 3513676 (T.C.2006), aff'd 521 F.3d 1289 (10th Cir.2008) ........ 26

*White v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 913 F.2d 165, 167 (4th Cir. 1990) ........ 30

*Willner v. Committee on Character & Fitness*, 373 U.S. 96, 103—104, 83 S.Ct. 1175, 1180—1181, 10 L.Ed.2d 224 (1963) ........ 21

*Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998) ........ 2

*Wright v. Davidson*, 181 US. 371, 384 (D.C. Cir. 1940) ........ 33

*Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) ........ 2

## Statutes

§ 6020(b) ........ 26

§ 6211—Definition of Deficiency ........ 11



Appellate Case: 15-3110 Page: 14 Date Filed: 11/05/2015 Entry ID: 4334124

§ 6212—Notice of Deficiency ........ 11

§ 6651(a)(1) ........ 11

§ 6651(a)(2) ........ 11

14 Stat. 27 ........ 31

14 Stat. 27 (1866) ........ 34

26 U.S.C. § 6203—Method of Asse ........ 37

26 U.S.C. § 7701(a)(23)—Taxable Year ........ 37

26 U.S.C. 7701(a)(16)—Withholding Agent ........ 37

28 U.S.C. § 1331—Federal Question ........ 1

28 U.S.C. § 2201 ........ 12

42 U.S.C. §§§ 1981, 1982 and 198 ........ 34

44 U.S.C. § 1507 ........ 24

49 Stat. 500-503, Sec. 7 ........ 24

82 Stat. 1276 (1968) ........ 24

DC ST § 1-1001.02 (2) ........ 34

Federal Register Act of 1935 ........ 25

I.R.C.” § 6020(b)—Substitute Returns ........ 11

Part I Subtitle A—Income Taxes ........ 12

Sections 3401-3406 Subtitle C Part 31 ........ 11

**Other Authorities**

**A4—CC-2007-005** .......... 26

**Attachment 1—Docket Sheet of Docket No. 21778-14 ("A1—Dkt. Sheet")** .......... 10

**Attachment 2—Dkt. 12—Pretrial Memorandum ("A2—Pretrial")** .......... 11

**Attachment 3—CC-2007-005 ("A3—CC-2007-005)** .......... 11

**Attachment 4—Certificate of Political Status, Citizenship and Allegiance Recorded in the Public Record in the Palmer Recording District of Palmer, Alaska # 2015-011077-0 ("A4—Certificate")** .......... 21

**CC-2009-014—Subject: Litigation Position To Meet The Burden of Production For Section 6654 Addition to Tax** .......... 26

Form 13496 .......... 26

Form 4549 .......... 26

Form 886-A .......... 26

ocket 43—ORDER in *Clinton v. Klayman* – 9-15-cv-80388 S.D.Fla, .......... 19

Tax Court Docket No. 21778-14 .......... 10

## Constitutional Provisions

14th Amendment .......... 31

15th Amendment .......... 35

Article 1 Section 8 Clause 17 .......... 42

Article I Section 8 Clause 17 .......... 12, 23, 40

Article III § 2 .......... 1, 39

Article III Court ........................................................................................................ 39

Article III exercising the judicial Power of the United States ............................... 41

**Constitution (clause 17, section 8, article 1) Congress is given** power **'to exercise exclusive legislation in all cases whatsoever, over'** the District of Columbia. ................................................................................................ 38

Constitution of the United States Article III, § 2 .................................................. 20

## I. Jurisdiction

a. Jurisdiction for the United States District Court of Minnesota ("USDC") and 8th Circuit Court of Appeals arises under Article III § 2—"The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States" that is codified in 28 U.S.C. § 1331—Federal Question on the issues of "Laws of the United States;" and, Jurisdiction for the 8th Circuit is in 28 U.S.C. § 1291–"Laws of the United States" and "Article III § 2" for important controlling questions of law as the USDC and the 8th Circuit Court of Appeals are federal courts of limited jurisdiction precluded from administrative or legislative function which are not properly judicial.[1]

### A. Subject Matter Jurisdiction of Article III Federal Courts in the several States.

a. Article III § 2, *supra*, does not include the Tax Court of the United States with its decisions and its "public rights[2]" conclusively determined by the Executive and Legislative Branches."[3]

---

[1] *Postum Cereal Co. Inc. v. California Fig Nut Co.*, 272 U.S. 693, 700-701 (1926),

[2] *Samuels, Kramer & Co. v. C.I.R.*, 930 F.2d 975, 992 (2nd Cir. 1991) " **Public rights are those rights that arise "between the Government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative departments."** citing *Crowell v. Crowell,* 285 U.S. 22, 50 (1932).

[3] *Thomas v. Union Carbide Agricultural Products Co,* 473 U.S. 568, 589 (1985); *Grandfinanciera v.* Nordberg, 492 U.S. 33, 69 (1989); *Commodity Futures Trading*



Appellate Case: 15-3110 Page: 18 Date Filed: 11/05/2015 Entry ID: 4334124

b. And, with Decisions of the Supreme Court of the United States and the Eighth Circuit, as follows—If a Case is not within one of the specified categories arising under Article III, neither Congress nor the parties may authorize a federal court to decide the Case, including this Court if it is forbidden Congress.[4]

c. "Subject Matter Jurisdiction" that is Not in the Record must be raised by the Court de novo, the Subject Matter defect can't be waived or ignored by the Court and it can't be Waived by the Parties.[5]

---

*Commission v. Schor*, 478 U.S. 833, 853-854 (1986); *Kuretski v. C.I.R.*, 755 F.3d 929, 939 (D.C. Cir. 2014); *Klien v. United States*, 94 F.Supp..2d 838 (S.C. Mich 2000).

[4] *Finley v. United States*, 109 S.Ct. 2003, 2012 FN2 (2012) *Stevens, Brennan, Marshall dissenting opinion*; *Verlinder B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 491 (1983); *National Mutual Ins. Co. v. Tidewater Transfer Co.*, 337 U.S. 582, 646-655 (1949) *Fankfurter, J. dissenting*; *Sunshine Haven Nursing Operations*; *LLC v. U.S. Dept. of HHS, Centers Medicare & Medicaid Serv.*, 742 F.3d 1239, 1249 (10th Cir. 2014); *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000); *Basso v. Utah Pwr. & Lt. Co.* 495 F.2d 906, 909 (10th Cir. 1974).

[5] *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998); *Insurance Corp. of Ireland, Ltd, et al., v. Compagnie des Bauxites de Guinee*, 102 S.Ct. 2099, 2104 (1982); *People's Bank v. Calhoun*, 102 U.S. 256, 260-261 (1880); *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 433 (1989); *Omni Capital Intern., Ltd, v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003); *State of Mo. ex rel. Missouri Highway and Transp. Com'n v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir. 1997) "Nevertheless, subject-matter jurisdiction cannot be waived, and it is our duty to raise the issue sua sponte.;" *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990); *Rosenstiel v. Rodriguez*, 101 F.3d 1544, 1558 (8th Cir. 1996) "[T]his court's subject matter jurisdiction and the exercise of judicial power cannot be controlled by the desires of the parties;"



Appellate Case: 15-3110 Page: 19 Date Filed: 11/05/2015 Entry ID: 4334124

d. The Case must be dismissed at any state of the proceedings in which it becomes apparent that the "subject matter jurisdiction" is lacking.[6]

## B. Appellant Has the Burden of Invoking Subject Matter Jurisdiction.

a. The Appellant invoking Subject Matter Jurisdiction of the Federal Courts has the burden to establish it on Appeal.[7]

b. This Court has jurisdiction arising under Article III § 1 & 2 in "all Cases and Controversies, in Law and Equity, arising under this Constitution, the Laws of the United States" exercising the "judicial Power of the United States."

c. The Appellate has a definite injury of the taking of money approximately equal to over $20,000 from the Appellant traceable to the Internal Revenue Service ("IRS") and qualifies under Cases and Controversies arising under Article III[8].

d. The Appellate has the jurisdictional in an adversarial Court of the United States right of Confrontation on issues of Life, Liberty and Property as pronounced

---

[6] *Tuck v. United States Auto. Ass'n*, 859 F.2d 842 (10th Cir. 1988) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974)), *cert. denied,* 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[7] *Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 8 (1989); *United States ex rel Ketroser v. Mayo Foundation* 729 F.3d 825, 827 (8th Cir. 2013); *Hays v. Hoffman*, 325 F.3d 982, 987 (8th Cir. 2003); *Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 823 (8th Cir. 2010); *Nucor Corp. v. Nebraska Public Power Dist*, 891 F.2d 1343, 1346 (8th Cir. 1989).

[8] See Docket 43—ORDER in *Clinton v. Klayman*—9-15-cv-80388 S.D.Fla (USDC).



Appellate Case: 15-3110 Page: 20 Date Filed: 11/05/2015 Entry ID: 4334124

in *Goldberg v. Kelly*, 397 U.S. 254, 269-270 (1970)

e. The Appellate is not subject to the "experimentation" in the several States "subject matter jurisdiction" under the Fourteenth Amendment as pronounced in *In re Oliver*, 333 U.S. 257, 279-280 (1948).

## C. The Tax Court Is An Article I Legislative Court.

a. The Tax Court was established by statute as an Article I Court under Article I Section 8 Clause 17 in 83 Stat 730, SEC. 951. STATUS OF TAX COURT, "SEC. 741. STATUS "There is hereby established, under **article I** of the Constitution of the United States, a court of record to be knows as the United States Tax Court.""

b. The Article I Tax Court exercises no "judicial Power of the United States pursuant to Article III; and, the Article I Tax Court is no different from any of the other agencies in the Executive Branch as pronounced in *Kuretski v. C.I.R.*, 755 F.3d 929, 943 (D.C. Cir. 2014), to wit:

> And the Tax Court's Article I origins do not distinguish it from the mine run of Executive Branch agencies whose officers may be removed by the President. After all, every Executive Branch entity, from the Postal Service to the Patent Office, is established pursuant to Article I. *See* U.S. Const. art. I, § 8, cl. 7 (Postal Clause); *id.* art. I, § 8, cl. 8 (Copyright and Patent Clause). **The Tax Court no more exercises Article I powers than do those agencies**.
>
> **We have explained that Tax Court judges do not exercise the "judicial power of the United States" pursuant to Article III.** We have also explained that Congress's establishment of the **Tax Court as an Article I legislative court** did not transfer the Tax Court to the



Appellate Case: 15-3110 Page: 21 Date Filed: 11/05/2015 Entry ID: 4334124

> Legislative Branch. **It follows that the Tax Court exercises its authority as part of the Executive Branch.**

*Id.* @ "It would seem clear, then, that the **Tax Court is not a part of the Article III** Judicial Branch, and that its **judges do not exercise the "judicial Power of the United States" under Article III**."

**D. Tax Court is an Independent Agency.**

c. In the "Revenue Act of 1924" in "IX—Board of Tax Appeals" Ch. 234 § 900(a)—43 Stat. 335 "There is hereby established a board to the known as the Board of Tax Appeals (hereinafter referred to as the "**Board**"). At 43 Stat. 338, § 900(k) "The **Board** shall be an **independent agency** in the executive branch of Government.[9]"

The Article I Tax Court are to remain independent of the Executive Branch interpreting and applying the internal revenue laws to other "executive actors" as pronounced in *Kuretski v. C.I.R.*, 755 F.3d 929, 943, 944 (D.C. Cir. 2014), to wit:

> The *Freytag* majority also observed that the Tax Court "**remains independent of the Executive ... Branch[ ]**," and in that sense **exercises something other than "executive" power**. 501 U.S. at 891, 111 S.Ct. 2631. We understand that statement to describe the Tax Court's functional independence rather than to speak to its constitutional status. The Supreme Court has used similar language to describe "quasilegislative" and "quasijudicial" agencies such as the Federal Trade Commission, noting that such agencies are "**wholly disconnected from the executive department**" and that their members must "**act in discharge of their duties independently of**

---

[9] *C.I.R. v. Gooch Milling & Elevator Co.*, 320 U.S. 418, 420 (1943);



Appellate Case: 15-3110 Page: 22 Date Filed: 11/05/2015 Entry ID: 4334124

> **executive control."** *Humphrey's Ex'r v. United States,* 295 U.S. 602, 629–30, 55 S.Ct. 869, 79 L.Ed. 1611 (1935). While "independent," members of such agencies can be removed by the President for cause. *See Fed. Mar. Comm'n v. S.C. State Ports Auth.,* 535 U.S. 743, 773, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002) (Breyer, J., dissenting on other grounds) (noting that "[c]onstitutionally speaking, an **'independent' agency belongs neither to the Legislative Branch nor to the Judicial Branch of Government,**" and "**even 'independent' agencies[ ] are more appropriately considered to be part of the Executive Branch").** And the Tax Court is hardly the sole Executive–Branch "adjudicative body," *Freytag,* 501 U.S. at 891, 111 S.Ct. 2631, to sit in "**independent" judgment of other executive actors.**

The "Board of Tax Appeals" designation in Revenue Act of 1924, 43 Stat. 336, 338 was changed in name to the "Tax Court of the United States" in 1942, ch. 619 § 504, 56 Stat. 798, 957 "(a) The Board shall be known as The Tax Court of the United States and the members there shall be known as the presiding judge and the judges of the Tax Court of the United States" * * * (b) "The jurisdiction, powers and duties of The Tax Court of the United States . . . The Tax Court of the United States shall be the same as by existing law provided in the case of the Board of Tax Appeals." The Tax Court of the United States continues as an "independent agency" after 43 Stat. 335 (1924), 56 Stat. 798, 957 (1942) and 83 Stat 730 1969. *Kuretski v. C.I.R.*, 755 F.3d 929, 943, 944 (D.C. Cir. 2014).

**E. The Tax Court Interpretes and Applies Only "Internal Revenue Laws."**

a. The Federal Courts have ruled that "The Tax Court is in the business of interpreting and applying the **internal revenue laws,** *see Freytag*, 501 U.S. at 891,

not in the business of making those laws." *Kuretski v. C.I.R.*, 755 F.3d 929, 943 (D.C. Cir. 2014). This therefore precludes the Tax Court of the United States from the "Laws of the United States" arising under Article III and 28 U.S.C. § 1331.

b. There can be no doubt that the Congress confines the "Internal Revenue Laws" to being "interpreted and applying the internal revenue laws"[10] to only within an Article I Tax Court, which are not "Laws of the United States" arising only under Article III of the Constitution of the United States. This is evidenced by several Statues of the United States on the "Internal Revenue Laws" and The Tax Court of the United States.

**a. "Revenue Act of 1924, 43 Stat. 285-355.**

a. At 43 Stat. 333, § 804 "All **internal revenue laws** relating to the assessment and collection of taxes are hereby extended and made part of this title" * * * Sec 1007. [T]he merits of any claim presented under or authorized by the **internal-revenue laws** shall not, except as provided in section 900, be subject to review by any other administrative or accounting officer, employee, or agent of the United States" * * * 43 Stat. 341, Retroactive Regulations Sec. 1008 "(a) In case of a regulation or Treasury decision relating to the **internal-revenue laws**, made by the Commissioner or the Secretary . . ." * * * 43 Stat. 341, Limitation on

---

[10] *Kuretski v. C.I.R.*, 755 F.3d 929, 943 (D.C. Cir. 2014)

Prosecutions By The United States Sec. 1010 "(a) The Act entitled "An Act to limit the time within which prosecutions may be instituted against persons charged with violating **internal-revenue laws**," approved July 5, as amended, is amended to read as follows: "That no person shall be prosecuted, tried or punished for any of the various offenses arising under the **internal-revenue laws** of the United States . . ." * * * 43 Stat. 344, Penalties "(c) Any person who willfully (1) aids or assists in the preparation or presentation of a false or fraudulent return, affidavit, claim or document, authorized or required by the **internal revenue laws** . . ." * * * 43 Stat. 345, Revised Statutes [T]ouching any part of the administration of the **internal-revenue laws** which he is charged . . ." * * * 43 Stat. 346, Interest on Judgments "[A]ny sum which was excessive or in any manner wrongfully collected, under the **internal-revenue laws.**" * * * 43 Stat. 346 "[N]et estate is prevented by any provision of the **internal revenue laws**."

**b. "Revenue Act of 1942," 56 Stat. 798-985.**

a. At 56 Stat. 833 "[A]nd such assessment and collection may be made notwithstanding any provision of the **internal revenue laws** or any rule of law which would otherwise prevent such assessment or collection. . . . [O]r made notwithstanding any provision of the **internal revenue laws**" * * * 56 Stat. 834 [I]s prevented by any provision of the **internal revenue laws.**" * * * 56 Stat. 834 "[N]et estate is prevented by any provision of the **internal revenue laws**." * * * 56



Appellate Case: 15-3110 Page: 25 Date Filed: 11/05/2015 Entry ID: 4334124

Stat. 937 [I]s refunded or credited to the taxpayer under the **internal revenue laws**" * * * 56 Stat. 938 "[R]efunded under the **internal revenue laws**" * * * 56 Stat 961 [U]nder the **internal revenue laws,** in respect to any tax liability" * * * 56 Stat. 962 "[R]equired or permitted under the **internal revenue laws**" * * * [I]n determining, under the **internal revenue laws**" * * * 56 Stat. 964 [T]his Act shall not apply with respect to any period of limitation prescribed by or under **the internal revenue laws of the United States**" * * * 56 Stat. 966 [B]y any provision of the **internal revenue laws**" * * * 56 Stat 966 [R]efunded under the **internal revenue laws.**"

**c. "Internal Revenue Code of 1954, Vol. 68A.**

a. At 68A Stat. 1 "*To revise the* ***internal revenue laws of the United States.***" * * * 68A Stat. 315 "[C]corresponding provision of the prior **internal revenue laws**" * * * 68A Stat. 316 "[C]corresponding provision of the prior **internal revenue laws**" * * * 68A Stat. 317 "[C]corresponding provision of the prior **internal revenue laws**" * * * 68A Stat. 319" [C]corresponding provision of the prior **internal revenue laws**" * * * 68A Stat. 324 "Any reference in this section of this title shall where applicable, be deemed a reference to the corresponding provision of the **Internal Revenue Code of 1939** or prior **internal revenue laws.**" * * * 68A Stat. 338" [C]corresponding provision of the prior **internal revenue laws**" * * * 68A Stat. 368" [A]ny provision of the prior **internal**



Appellate Case: 15-3110 Page: 26 Date Filed: 11/05/2015 Entry ID: 4334124

**revenue laws**" * * * 68A Stat. 338" [R]efund under the **internal revenue laws**" * * * 68A Stat. 454 "The Administrator is authorized and directed to comply with the provisions of the **internal revenue code** on **behalf of the United States as the employer** of individual whose service constitutes employment by reason of this subsection." * * * Miscellaneous Excise Taxes and Alcohol, Firearms and Tobacco also use **internal revenue laws**, but are not shown.

**F. The Tax Court of the United States is an Inquisitional Court.**

Arising under Article I Section 8 Clause, the Tax Court of the United States is an Inquisitional Court as there is not Trial by Jury of my Peers and a lone person styled "Tax Court Judge" (sic) is the Inquisitor and in this Tax Court Docket No. 21778-14 for accuracy "Mark V. Holmes is "Inquisitor Holmes." See *Laskowski v. Spellings*, 443 F.3d 930 (7th Cir. 2006), to wit:

> It should not be undertaken in the absence of an actual claim for this form of relief and full briefing by the parties. *See McNeil v. Wisconsin,* 501 U.S. 171, 181 n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) ("What makes a system adversarial rather than inquisitorial is ... the presence of a judge who does not **(as an inquisitor does) conduct the factual and legal investigation himself,** but instead decides on the basis of facts and arguments pro and con adduced by the parties.").

**G. Appellee (Respondent–C.I.R. in Tax Court Dkt. No. 21778-14) Claims Subject Matter Jurisdiction ONLY Under Internal Revenue Laws.**

a. The Appellee (Respondent—C.I.R. in Tax Court Dkt. No. 21778-14) (**"Appellee")** in the Tax Court Case Dkt. No. 21778-14 evidenced by **Attachment 1—Docket Sheet of Docket No. 21778-14 ("A1—Dkt. Sheet")** does as evidenced

in **Attachment 2—Dkt. 12—Pretrial Memorandum** (**"A2—Pretrial"**) only claims subject matter jurisdiction using exclusively the "Internal Revenue Laws," *i.e.* "I.R.C.," *i.e.* "Title 26 Unitied States Code ("USC") sections including but not limited to § 6651(a)(1), § 6651(a)(2), "**wages**" of Sections 3401-3406 Subtitle C Part 31 precluded by a Notice of Deficiency § 6211—Definition of Deficiency and § 6212—Notice of Deficiency and the filing of a Substitute for Return under "I.R.C." § 6020(b)—Substitute Returns.

b. In the Tax Court of the United States using the Substitute for Return under 6020(b) invoked the Chief Counsel Notice in the Tax Court of the United States **evidenced by Attachment 3—CC-2007-005 ("A3—CC-2007-005)**, which allegedly binds the Chief Counsel Attoneys in the Tax Court of the United States but it is not a "Law of the United States" and has no standing in the Article III § 2 limited jurisdition of the federal Courts of the United States within the terroritorial boundaries of the several States.

## II. Statement of the Issues

### A. Subject Matter Jurisdiction and 8th Circuit.

The is no venue for the "subject matter jurisdiction" from the Article I Tax Court of the United States for any Court of Appeals, including the 8th Circuit Court of Appeals, in the several States exercising the judicial Power of the United States arising under Article III for all Cases and Controversies. For Article I Section 8



Appellate Case: 15-3110 Page: 28 Date Filed: 11/05/2015 Entry ID: 4334124

Clause 17 issues there is a remedy in the District of Columbia under the Plenary Power of Congress, but the Appellate is not domiciled in the District of Columbia but is domiciled in North Dakota being a "citizen of North Dakota."

## III. Statement of the Case.

a. The ***scheme*** that Congress has setup is for the Appellate to proceed though first to the Article I Section 8 Clause 17 Tax Court of the United States, being an inquisitional court, for any "Notice of Deficiency" for any alleges Part I Subtitle A—Income Taxes wherein the Appellate is left with no remedy under the "Due Process of Law" and "Law of the Land" arising under the Constitution of North Dakota and arising under Article III. The only remedy from an Article I Section 8 Clause 17 inquisitional court is found in the District of Columbia[11], but that precludes the 8th Circuit Court of Appeals, wherein the Appellate is not domiciled in the District of Columbia nor is he a "citizen of the United States" under the Fourteenth Amendment.

## IV. Summary of the Argument.

a. Until the "subject matter jurisdiction" is established on the record arising under Article III for all Cases and Controversies for an alleged "taxpayer", which is prohibited in 28 U.S.C. § 2201 for the USDC to make such a determination, in

[11] *Postum Cereal Co. Inc. v. California Fig Nut Co.*, 272 U.S. 693, 700-701 (1926).



Appellate Case: 15-3110 Page: 29 Date Filed: 11/05/2015 Entry ID: 4334124

the Article I Section 8 clause 17 venue and subject matter of the Inquisitional Court can transform into have standing in an federal Court of limited jurisdiction in the several States arising under Article III all other pleading is without merit and substance. The Appellate has "substantive rights" that arise under Article III of property with an bona fide injury of thereof.

## V. Argument.

### A. Tax Court of the ONLY Remedy Offered by Congress and It Adjudicates ONLY "Public Rights" Doctrine.

a. The "venue' and the "jurisdiction" of the Tax Court is under the "public rights" doctrine and this is well-settled that the Tax Court adjudicates "public rights" as evidenced in *Samuels, Kramer & Co. v. C.I.R.*, 930 F.2d 975, 992 (2nd Cir. 1991), to wit:

> The **Tax Court is the classic example of a forum that adjudicates "public rights**." The relationship between the government and taxpayer plainly gives rise to public rights and we have no doubt that the resolution of such disputes can be relegated to a non-Article III forum. *Crowell,* 285 U.S. at 50–51, 52 S.Ct. at 292; *Bakelite,* 279 U.S. at 450–51, 49 S.Ct. at 413; *Murray's Lessee v. Hoboken Land & Improvement Co.,* 59 U.S. (18 How.) 272, 284, 15 L.Ed. 372 (1856).

b. The Tax Court adjudicates "federal rights" under the "public rights" doctrine as evidenced in *Klien v. United States*, 94 F.Supp.2d 838 (S.D.Mich. 2000) citing *Samuels, Kramer & Co. v. C.I.R.*, 930 F.2d 975, 992 (2nd Cir. 1991), to wit:

> First, the vast majority of cases cited by the government are decisions

by the Tax Court. Despite performing exclusively judicial functions akin to those of an Article III federal district court (albeit, solely in the **realm of taxation**), the **Tax Court is an Article I court.** *See Freytag v. Commissioner of Internal Revenue,* 501 U.S. 868, 891–92, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991). Tax Court judges lack life tenure; their salaries may be diminished; and they may be removed by the President for cause. *Id.* at 912, 111 S.Ct. 2631 (Scalia, J. concurring). **The Tax Court is a classic example of a congressionally created forum within the executive branch designed to adjudicate "public rights."** *Samuels, Kramer & Co. v. Commissioner of Internal Revenue,* 930 F.2d 975, 991–92 (2d Cir.1991) "Public rights" are: [t]hose rights that arise "between the Government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative departments."

* * * * * *

**The relationship between the government and taxpayer plainly gives rise to public rights** and we have no doubt that the resolution of such disputes can be relegated to a non-Article III forum.

The "public rights" doctrine rests on the premise that **any matters subject to adjudication in Article I forums could have been conclusively determined by the executive or legislative branches in the first instance** ... Given the fact intensive nature of tax disputes, resolution of such claims would ordinarily be left to the executive.

* * * * * *

**[L]egislative courts, such as the Tax Court, share many of the characteristics of administrative agencies. We believe that the work performed by legislative courts and adjudicatory agencies cannot be distinguished. Both are bodies created by Congress under Article I to adjudicate federal rights** and both lack the requisites of Article III status. From the perspective of Article III, there is no difference in constitutional principle between legislative courts and administrative agencies ... Despite several differences in both appearance and operation, their work cannot be functionally or theoretically distinguished.

c. Of Course if this Court is clothing itself with only the "characteristics" of an Article III Court as found in the District of Columbia adjudicating under the

"public rights" doctrine; then the Eighth Circuit can proceed with administrative or legislative functions as found in *Postum Cereal Co. Inc. v. California Fig Nut Co.*, 272 U.S. 693, 700-701 (1926), to wit:

> The distinction between the jurisdiction of this court which is confined to the hearing and decision of cases in the **constitutional sense and that of administrative action and decision, power for which may be conferred upon courts of the District is shown in the case** of *Keller v. Potomac Electric Company*, 261 U. S. 428, 440, 442, 443, (1923). There it is pointed out that, while Congress in its constitutional exercise of exclusive legislation over the District may clothe the courts of the District, not only with the jurisdiction and powers of the federal courts in the several states, but also with such authority as a state might confer on her courts (*Prentis v. Atlantic Coast Line Company*, 211 U. S. 210, 225, 226, (1908)), and **so may vest courts of the District with administrative or legislative functions which are not properly judicial, it may not do so with this court, or any federal court established under article 3 of the Constitution.** Of the jurisdiction of this court, we said, at page 444 of 261 U. S. (43 S. Ct. 449):
>
> '**Such legislative or administrative jurisdiction, it is well settled, cannot be conferred on this court either directly or by appeal.** The latest and fullest authority upon this point is to be found in the opinion of Mr. Justice Day, speaking for the court in *Muskrat v. United States*, 219 U. S. 346 (1902). The principle there recognized and enforced on reason and authority is that the jurisdiction of this court and of the inferior courts of the United States ordained and established by Congress under and by virtue of the third article of the Constitution is limited to cases and controversies in such form that the judicial power is capable of acting on them, and does not extend to an issue of constitutional law framed by Congress for the purpose of invoking the advice of this court **without real parties or a real case**, or **to administrative or legislative issues or controversies.**

d. In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 561 (1992) the party invoking federal jurisdiction has the burden of establishing three elements:



Appellate Case: 15-3110 Page: 32 Date Filed: 11/05/2015 Entry ID: 4334124

(1) an "injury in fact" . . . which is (a) concrete and particularized and (b) actual or imminent, not conjectural" or "hypothetical;" and, (2) "there must be a casual connection between the injury and the conduct complaint of;" and, (3) it must "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

e. The Appellate is relying upon many decisions of the Supreme Court of the United States but one of many that is on-point Decision of the Supreme Court of the Untied States on the mandatory requirement of "subject matter jurisdiction" be on the record, **which it is NOT in the Inquisitorial Tax Court**, is the *Insurance Corp. of Ireland, Ltd, et al., v. Compagnie des Bauxites de Guinee*, 102 S.Ct. 2099, 2014 (1982), to wit:

> **Federal courts are courts of limited jurisdiction.** The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. **Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction.** Again, this reflects the **constitutional source of federal judicial power:** Apart from this Court, that power only exists "**in such inferior Courts as the Congress may from time to time ordain and establish**." Art. III, § 1.
>
> **Subject-matter jurisdiction, then, is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign**. Certain legal consequences directly follow from this. **For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant,** *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), principles of estoppel do not apply, *American*

*Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–542, 95 L.Ed. 702 (1951), **and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings**. Similarly, a court, including an appellate court, **will raise lack of subject-matter jurisdiction on its own motion**. "**[T]he rule, springing from the nature and limits of the judicial power of the United States is inflexible and without exception, which requires this court, of its own motion, to deny its jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record**." *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884) **FN9.**

> **FN9**. A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal. See *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940); *Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938).

f. The Subject Matter jurisdiction is an Article III as well as statutory requirement and functions as a restriction on federal Power. See also *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 433 (1989); *Omni Capital Intern., Ltd, v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).

**B. Jurisdiction of USDC in the District of Columbia is "Public Rights" Doctrine Under the Plenary Power of Congress.**

a. The "**Laws of Congress,**" *i.e.*, "Acts of Congress," *i.e.*, "internal revenue laws" are used interchangeably where the issues are under the Plenary Power of Congress in either the District of Columbia or the Territories. In *Shoshone Mining Co. v. Rutter*, 177 U.S. 505, 511 (1900) "[A]s the **laws of Congress** alone

determine the matter of the disposal of the public lands[12], it follows that the question of law which are thus open for consideration are those arising under the **acts of Congress**." See also *Landes v. Brant*, 51 U.S. 348, 364 (1850) (Public land); *Weems v. United States*, 217 U.S. 349, 386 (1910) (Territories – Philippines).

b. The "**Internal Revenue,**" "**Taxation**" or "revenue from Imports" is under the "**public rights**" doctrine under the Plenary Power of Congress in the District of Columbia or the Territories. This is pronounced in *Kuretski v. C.I.R.*, 755 F.3d 929, 939, 940 (D.C. Cir. 2014), to wit:

> At the same time, the Supreme Court has recognized a "category of cases involving '**public rights**' " that Congress can constitutionally assign to non-Article III tribunals. *Id.* at 2610 (quoting *Northern Pipeline,* 458 U.S. at 67, 102 S.Ct. 2858 (plurality opinion)). The "**public rights**" category comprises disputes that "'**could be conclusively determined by the Executive and Legislative Branches'** " **without judicial intervention.** *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 589, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) (quoting *Northern Pipeline,* 458 U.S. at 68, 102 S.Ct. 2858). The "**public rights doctrine** reflects simply a pragmatic understanding that, when **Congress selects a quasi-judicial method of resolving matters**" that could be decided with no judicial review, "the danger of encroaching on the judicial powers is reduced." *Id.*
>
> Although the precise contours of the "**public rights**" doctrine are not fully formed, *see Stern,* 131 S.Ct. at 2610; *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 51 n. 8, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), it is "**settled"** that the category of **public rights** includes

[12] Public Lands are under the plenary Power of Congress.



Appellate Case: 15-3110 Page: 35 Date Filed: 11/05/2015 Entry ID: 4334124

matters of "**internal revenue**" and "**taxation**," at least at the pre-collection stage. ***Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n,*** 430 U.S. 442, 450–51 & nn. 8–9, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977) (internal quotation marks omitted); *see Crowell v. Benson,* 285 U.S. 22, 50–51, 52 S.Ct. 285, 76 L.Ed. 598 (1932); ***Murray's Lessee v. Hoboken Land & Improvement Co***., 59 U.S. 272, 284, 18 How. 272, 15 L.Ed. 372 (1856). **Congress therefore can constitutionally assign the adjudication of pre-collection tax disputes to non-Article III tribunals.** *See Samuels, Kramer & Co. v. Comm'r,* 930 F.2d 975, 992 (2d Cir.1991) ("The relationship between the government and taxpayer plainly gives rise to public rights and we have no doubt that the resolution of such disputes can be relegated to a non-Article III forum."), *abrogated on other grounds by Freytag,* 501 U.S. at 892, 111 S.Ct. 2631.

* * *

*Ibid @ 941*, That statement, if considered in isolation, could be construed to suggest that Tax Court judges exercise Article III powers. But the *Freytag* Court clarified that **"non-Article III tribunals ... exercise the judicial power of the United States," such that "the judicial power of the United States is not limited to the judicial power defined under Article III."** *Id.* at 889, 111 S.Ct. 2631 (citing *Am. Ins. Co. v. Canter,* 26 U.S. (1 Pet.) 511, 546, 7 L.Ed. 242 (1828)). **The Court therefore used the phrase "judicial power" in "an enlarged sense," not in the particular sense employed by Article III.** *See Murray's Lessee,* 59 U.S. at 280 ("**judicial act**" in **"an enlarged sense" encompasses "all those administrative duties the performance of which involves an inquiry into the existence of facts and the application to them of rules of law"**).

## C. The Appellate Has a Bona Fide Injury Arising Under Article III Cases and Controversies.

a. The Appellate has a definite injury of the taking of money approximately in excess of $20,000 taken traceable to the Internal Revenue Service ("IRS") and qualifies under Cases and Controversies as evidenced in this excerpt from Docket 43—ORDER in *Clinton v. Klayman*—9-15-cv-80388 S.D.Fla (USDC), to wit:

Federal courts are of limited jurisdiction and are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution. *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Article III of the Constitution confines the "judicial Power" of the United States to "**Cases**" and "**Controversies**." Constitution of the United States Article III, § 2. Federal courts "have always taken this to mean cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 102 (1998). "The 'irreducible constitutional minimum of standing' contains three requirements": **(1)** "an 'injury in fact' - a harm suffered by the plaintiff that is 'concrete' and 'actual or imminent, not 'conjectural' or 'hypothetical;'" **(2)** causation - a fairly traceable connection between the plaintiffs injury and the complained-of conduct of the defendant;" and **(3)** "redressability - a likelihood that the requested relief will redress the alleged injury." Id. at 102-03 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)); see also *Vermont Agency of Natural Res. v. US. ex rel. Stevens*, 529 U.S. 765, 771 (2000); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Beyond the constitutional requirements, the federal judiciary has also adhered to a set of prudential principles that bear on the **question of standing**. Thus, the Supreme Court has held that "**the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.**" *Warth v. Seldin*, 422 U.S. 490, 499 (1975). In addition, "federal courts have abjured appeals to their authority which would convert the judicial process into 'no more than a vehicle for the vindication of the value interests of concerned bystanders.'" *Valley Forge Christian Coll. v. Americans United*/or *Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982) (quoting *United States v. Students Challenging Regulatory Agency Procedures* (SCRAP), 412 U.S. 669, 687 (1973)).

b. The Appellate has the jurisdictional substantive right in an adversarial Court of the United States, being the right of Confrontation on issues of Life, Liberty and Property as pronounced in *Goldberg v. Kelly*, 397 U.S. 254, 269-270 (1970), to wit:

In almost every setting where important decisions turn on questions of fact, due process [of law] requires an opportunity to confront and cross-examine adverse witnesses. E.g., *ICC v. Louisville & N.R. Co.*, 227 U.S. 88, 93—94, 33 S.Ct. 185, 187—188, 57 L.Ed. 431 (1913); *Willner v. Committee on Character & Fitness*, 373 U.S. 96, 103—104, 83 S.Ct. 1175, 1180—1181, 10 L.Ed.2d 224 (1963). What we said in *270 *Greene v. McElroy*, 360 U.S. 474, 496—497, 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377 (1959), is particularly pertinent here:

'Certain principles have remained relatively immutable in our jurisprudence. One of these is that where governmental action seriously injures an individual, and the reasonableness of the action depends on **fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue.** While this is important in the case of documentary evidence, it is even more important where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy. We have formalized these protections in the requirements of confrontation and cross-examination. They have ancient roots. They find expression in the Sixth Amendment * * *. This Court has been zealous to protect these rights from erosion. It has spoken out not only in criminal cases, * * * **but also in all types of cases where administrative * * * actions were under scrutiny**.'

c. The Appellate in sworn affidavit, which this Court shall take Judicial Notice, as evidenced in **Attachment 4—Certificate of Political Status, Citizenship and Allegiance Recorded in the Public Record in the Palmer Recording District of Palmer, Alaska # 2015-011077-0 ("A4—Certificate"),** therein Appellate is a "citizen of North Dakota", domiciled in North Dakota and a qualified elector of North Dakota; and, further, the Appellate is not a "citizen of

the United States" as found in 14 Stat. 27 (1866) and the Fourteenth Amendment "subject to the jurisdiction thereof" of 1868.

f. The Appellate is not subject to the "experimentation" in the several States "subject matter jurisdiction" under the Fourteenth Amendment as pronounced in *In re Oliver*, 333 U.S. 257, 279-280 (1948), to wit:

> [*279] This aggregation of powers and inherently concomitant denial of historic freedoms were unknown to the common law at the time our institutions crystallized in the Constitution. They are altogether at variance with our tradition and system of government. **They cannot stand the test of constitutionality for purposes of depriving any person of life, liberty or property.** There is no semblance of due process of law in the scheme when it is used for those ends FN5.
>
> FN5. The immediate shift of the proceeding from inquisitorial to punitive function converts it from a grand jury investigation to a proceeding in criminal contempt.
>
> [*280] The case demonstrates how far this Court departed from our constitutional plan when, after the Fourteenth Amendment's adoption, **it permitted selective departure by the states from the scheme of ordered personal liberty established by the Bill of Rights**. FN6. In the guise of **permitting the states to experiment with improving the administration of justice, the Court left them free to substitute, 'in spite of the absolutism of continental governments,' their 'ideas and processes of civil justice'** in place of the time-tried 'principles and institutions of the common law' **FN7** perpetuated for us in the Bill of Rights. Only by an exercise of this freedom has Michigan been enabled to adopt and apply her scheme as was done in this case. It is the immediate offspring of *Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232, and later like cases.[8]
>
> **FN6.** Cf. *Adamson v. California*, 332 U.S. 46, at page 68, 67 S.Ct. 1672, 1684, 171 A.L.R. 1223, dissenting opinion of Mr. Justice Black.
>
> **FN7.** See *Hurtado v. California,* 110 U.S. 516, 531, 4 S.Ct.



Appellate Case: 15-3110 Page: 39 Date Filed: 11/05/2015 Entry ID: 4334124

111, 118, 28 L.Ed. 232.

**FN8.** E.g., *Twining v. New Jersey*, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97; *Adamson v. California*, 332 U.S. 46, 67 S.Ct. 1672, 171 A.L.R. 1223.

So long as they stand, so long as the Bill of Rights is regarded here as **a strait jacket of Eighteenth Century procedures rather than a basic charter of personal liberty, like experimentations may be expected from the states.** And the only check against their effectiveness will be the agreement of a majority of this Court that the experiment violates fundamental notions of justice in civilized society.

## C. The Tax Court Interpretes and Applies "Internal Revenue Laws."

The Federal Courts have ruled that "The Tax Court is in the business of interpreting and applying the **internal revenue laws,** *see Freytag*, 501 U.S. at 891, not in the business of making those laws" with no mention of the Article III Courts. *Kuretski v. C.I.R.*, 755 F.3d 929, 943 (D.C. Cir. 2014).

There can be no doubt that the Congress confines the "Internal Revenue Laws" to being "interpreted and applying the internal revenue laws"[13] to only within an Article I Section 8 Clause 17 Inquisitorial Court, which are not "Laws of the United States" arising only under Article III of the Constitution of the United States.

c. The Standard of Review is posited in the Federal Constitution, all of the Statutes of the United States that shall bind all judges of the federal courts

[13] *Kuretski v. C.I.R.*, 755 F.3d 929, 943 (D.C. Cir. 2014)



Appellate Case: 15-3110 Page: 40 Date Filed: 11/05/2015 Entry ID: 4334124

including the Tax Court[14] and are not just merely evidence[15] wherein all judges are bound by judicial Notice of the Statutes of the United States; and all judges are deemed to know the law[16]; and, that all Statutes of the United States shall be put into effect as enacted by Congress unless said Statue is declared to be invalid; and all of the words in the defined terms in Title 26 are a *sine qua non* of that defined term enacted in the unambiguous Statutes of the United States codified in Title 26 being binding upon all parties, are mandatory and are not merely directory; and, all documents published in the Federal Register are to be judicially Noticed by the Courts[17] and specific statutory mandates by Congress that regulations shall be

---

[14] Tax Court not a real Court under 28 U.S.C. § 610.

[15] Judicial Notice is Proof being Superior to Evidence; In *State v. Main*, 37 A. 80, 84 (Sup.Ct.Err. Conn. 1897) "**Judicial notice takes the place of proof**, and is of equal force. As a means of **establishing facts, it is therefore superior to evidence.** In its appropriate field, it displaces evidence, since, as it stands for proof, it fulfills the object which evidence is designed to fulfill, and makes evidence unnecessary."

[16] *Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) "If the law was clearly established . . . a reasonably competent public official should know the law governing his conduct." Citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982); *State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) "**Judges**, unlike juries, **are presumed to know the law**."; *Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951) "A court will in general take_judicial notice of and apply the law of its own jurisdiction without pleading or proof thereof, the judges being deemed to know the law or at least where it is to be found."

[17] Federal Register Act of 1935 - 49 Stat. 500-503, Sec. 7 "The contents of the Federal Register shall be judicially noticed and, without prejudice to any other mode of citation, may be cited by volume and page number."; 82 Stat. 1276 (1968); 44 U.S.C. § 1507.



Appellate Case: 15-3110 Page: 41 Date Filed: 11/05/2015 Entry ID: 4334124

published in the Federal Register.[18]

j. The Tax Court's conclusions of law are reviewed *de novo* and its factual findings for clear error in the 8th Circuit[19], evidentiary rulings under the abuse of discretion standard[20], legal questions and factual questions *de* novo[21] that does not follow the unambiguous Statutes of the United States codified in Title 26 especially the "terms" that are used in over 1,000 code sections of Title 26 including the mandates for Agencies such as the IRS to publish substantive regulations in the Federal Register that have the "force and effect of law"[22] and for the IRS to publish regulations in the Federal Register under the mandates of the Federal Register Act of 1935[23]; and, the Tax Court that does not follow the Tax

---

[18] 49 Stat. 500-503 today codified in 44 U.S.C. Sections 1501-1511—This Court shall take judicial Notice of that Public Statutes of the United States.

[19] *Lewis v. C.I.R.*, 523 F.3d 1272, 1274 (10th Cir. 2008); *Resale Mobile Homes, Inc. v. C.I.R.*, 965 F.2d 818 (10th Cir. 1992) *cert. denied,* 506 U.S. 574, (1992)

[20] *Cartier v. Jackson*, 59 F.3d 1046, 1046 (10th Cir. 1995)

[21] *IHC Health Plans, Inc. v. C.I.R.*, 325 F.3d 1188, 1193 (10th Cir. 2003); *Kurzet v. C.I.R.*, 222 F.3d 830, 833 (10th Cir. 2000).

[22] *Production Tool Corp. v. Employment and Training Administration, U.S. Dept. of Labor*, 688 F.2d 1161, 1165 (7th Cir. 1982) citing the holdings in *Chrysler v. Brown*, "Legislative rules are said to have the "force and effect of law"-i.e., they are as binding on the courts as any statute enacted by Congress. *Chrysler*, 441 U.S. at 295, 99 S.Ct. at 1714.

[23] 49 Stat. 500-503 today codified in 44 U.S.C. Sections 1501-1511; 49 Stat. 501 Sec. 6 - "The committee shall prescribe, with the approval of the President, regulations for carrying out the provisions of this Act."

Court's own holdings[24] and those of the Circuit Court of the United States especially those that the Appellant is domiciled in with the ONLY case concerning the Substitute For Returns of § 6020(b) concerning the 13496 package of the three forms being Form 4549, Form 886-A and the Form 13496 in the 10th Circuit being *Wheeler v. Comm'r,* 127 T.C. 200, 208, 2006 WL 3513676 (T.C.2006), *aff'd* 521 F.3d 1289 (10th Cir.2008)—See **CC-2009-014—Subject: Litigation Position To Meet The Burden of Production For Section 6654 Addition to Tax** explaining this based upon the lack of a bona fide valid Substitute for Return under 6020(b) as mandated in **A4—CC-2007-005.**

**D. *Stare Decisis* and Precedent.**

The Appellant has relied upon the *state decisis* and precedents of the Supreme Court of the United States and only that court can change its precedents or *stare decisis*, which are not valid or used in the Article I Section 8 Clause 17 Inquisitorial Court (Tax Court of the United States).

---

[24] 9 West's Fed. Forms, National Courts § 14012 (2d ed.) "The **Tax Court is bound by its own decisions**, the decisions of **the Court of Appeals for the circuit in which the taxpayer resides or operates**, (FN1. *Golsen v. Commissioner*, 54 T.C. 742 (1970), *aff'd*, 445 F.2d 985 (10th Cir.1971) *cert. denied*, 404 U.S. 940, 92 S.Ct. 284, 30 L.Ed.2d 254 (1971)) if the decisions are directly on point, and the decisions of the United States Supreme Court. The Tax Court does not consider itself bound to follow decisions of the Courts of appeal that do not have precedential value over a taxpayer who does not reside or operate in those jurisdictions.[2]



Appellate Case: 15-3110 Page: 43 Date Filed: 11/05/2015 Entry ID: 4334124

***"Stare decisis*** is the preferred course because it promotes the evenhanded, predictable and consistent development of legal principles, fosters reliance on judicial decisions, contributes to the actual perceived integrity of the judicial process" (*Payne v. Tennessee*, 501 U.S. 808, 827-828 (1991))[25]; and, [held] "[B]y *stare decisis* doctrine, ensures that the law will not merely change erratically, but will develop in a principled and intelligible fashion" * * * "That doctrine permits society to presume that bedrock principles are founded in the law rather than in the proclivities of individuals, and thereby contributes to the integrity of our constitutional system of government, both in appearance and in fact." (*Vasquez v. Hillery*, 474 U.S. 254, 254, 265-266 (1986))[26]; and, [held] @ 164 "*Stare decisis* compels the Court to adhere to that interpretation absent some "special justification" not to do so" * * * @172 "The Court has said often and with great emphasis that "the doctrine of *stare decisis* is of fundamental importance to the rule of law."" * * * "[I]t is indisputable that *stare decisis* is a basic self-governing principle within the Judicial Branch, which is entrusted with the sensitive and difficult task of fashioning and preserving a jurisprudential system that is not based upon "an arbitrary discretion."" (*Patterson v. McLean Credit Union*, 491 U.S. 164,

[25] *Hohn v. United* States, 524 U.S. 236 (1998); *Johnson v. United* States, 135 S.Ct. 2551, 2563 (2015); *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997).

[26] *Vasquez v. Hillery*, 474 U.S. 254, 265 (1986).



Appellate Case: 15-3110 Page: 44 Date Filed: 11/05/2015 Entry ID: 4334124

164, 172 (1989)); and, "Considerations in favor of *stare decisis* are at their[27] in cases involving property and contract rights, where reliance interests are involved." [additional Supreme Court case cites omitted] (*Payne v. Tennessee*, 501 U.S. 808, 828 (1991))[28]; "[I]n most matters it is more important that the applicable rule of law be settled than that it be settled right" (*Burnet v. Coronado Oil & Gas Co.*, 285 U.S. 393, 406 (1932) (*Brandeis, J., dissenting*)); "The doctrine of *stare decisis* ... has only a limited application in the field of constitutional law." (*St. Joseph Stock Yards Co. v. United States,* 298 U.S. 38, 94 (1936)) (Stone and Cardozo, JJ., concurring in result); and, "Adherence to "our precedent-based system of justice places a premium on finality, stability, and certainty in the law...." *Id.* (citing *Hubbard v. United States,* 514 U.S. 695, 711, (1995)) in *Arewcibo Community Health Care, Inc. v. Commonwealth of Puerto Rico*, 270 F.3d 17 (1st Cir. 2001); "And we have often recognized that in just those contexts—"cases involving property and contract rights"—considerations favoring *stare decisis* are "at their acme." (*Kimble v. Marvel Entertainment*, 135 S.Ct. 2401 [held @ 2404], 2410 (2015).

**E. Only Supreme Court Can Overule one Of it Precedents.**

---

[27] *Pearson v. Callahan*, 555 U.S. 223, 233 (2009); *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997).

[28] *Pearson v. Callahan*, 555 U.S. 223, 233 (2009).



Appellate Case: 15-3110 Page: 45 Date Filed: 11/05/2015 Entry ID: 4334124

In *Thurston Motor Lines v. Rand*, 460 U.S. 533, 535 (1983) (per curiam) "Needless to say, **only this Court may overrule one of its precedents**.[29]"

In *United States v. Barnett*, 578 F.3d 600, 602 (8th Cir. 2009) ""[O]nly [the Supreme Court] may overrule one of its precedents." *Thurston Motor Lines v. Rand*, 460 U.S. 533, 535 (1983)."

In *Wallace v. Jaffree*, 432 U.S. 38, FN 26, to wit:

> "**Federal district courts and circuit courts are bound to adhere to the controlling decisions of the Supreme Court**. *Hutto v. Davis,* [454 U.S. 370, 375, 102 S.Ct. 703, 706, 70 L.Ed.2d 556] (1982).... Justice Rehnquist emphasized the importance of precedent when he observed that '**unless we wish <u>anarchy</u> to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be.**' *Davis,* [454 U.S. at 375, 102 S.Ct., at 706]. *See Also, Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.,* [460 U.S. 533, 535, 103 S.Ct. 1343, 1344, 75 L.Ed.2d 260] (1983) (the Supreme Court, in a per curiam decision, recently stated: 'Needless to say, **only this Court may overrule one of its precedents**')." 705 F.2d, at 1532.

"But unless we wish **<u>anarchy</u>** to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be.[30]"

---

[29] *United States v. Bird*, 359 F.3d 1185, 1189 (9th Cir. 2004); *United States v. Holt*, 264 F.3d 1215, 1239 (10th Cir. 2001).

[30] *E.E.O.C. v. Konos, Inc.* , 694 F.3d 353, 362 (3rd Cir. 2012); *United States v. Kennedy*, 682 F.3d 244, 253 (3rd Cir. 2012); *Olatnju v. Ashcroft,* 387 F.3d 383, 400 (4th Cir. 2004); *Thomas v. St. Louis Bd. Of Police Com'rs*, 447 F.3d 1082, 1086 (8th Cir. 2006); *Cherokee Nation of Oklahoma v. Norton*, 389 F.3d 10741086



Appellate Case: 15-3110 Page: 46 Date Filed: 11/05/2015 Entry ID: 4334124

**F. Personal Jurisdiction.**

The Appellant has not knowingly or intentionally waived personal jurisdiction, which of course also defeated if the "subject matter jurisdiction" isn't on the record, *supra*, arising under Article III § 2 and 28 U.S.C. § 1331.

Personal Jurisdiction can be waived but Appellant did not knowingly or intentionally waive their personal Jurisdiction. See *Insurance Corp. of Ireland, Ltd, et al., v. Compagnie des Bauxites de Guinee*, 102 S.Ct. 2099, 2105 (1982); *Peay v. Bellsouth Medical Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000) " By contrast, " '[t]he requirement that a court have personal jurisdiction flows ... from the Due Process Clause.... It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty.' " *Omni Capital Int'l 484 U.S. at 104, 108 S.Ct. 404* (quoting *Insurance Copr. Of Ireland v. Compagnie des Bauxites de Guinee*, 458 U.S. 694, 702 (1982); *Sigmon Coal Co., Inc. v. Apfel*, 226 F.3d 291, 299 (4th Cir. 2000); *White v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 913 F.2d 165, 167 (4th Cir. 1990); *Ruhrgass AG v. Marathon Oil Co. et al.*, 526 U.S. 574, 575 (1999) *in the Holding*, "**Personal jurisdiction,** too, is an **essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication."** *Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382, 57 S.Ct. 273, 81 L.Ed. 289." The Tax Court "personal

---

(10th Cir. 2004).

jurisdiction" must be established so that Defendants can appeal into an Article III § 2 limited jurisdictional federal court in the several States.

As held in *Omni Capital International, LTD, v. Rudolf Wolff & Co, LTD*, 484 U.S. 97, 104 (1987) "However, before a federal court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a **constitutionally sufficient relationship between the defendant and the forum.**" See also *Peay v. Bellsouth Medical Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000); *Brink's Mat Ltd. V. Diamond*, 906 F.2d 1519, 1521 (11th Cir. 1990); *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 847 (11th Cir. 1988); *United States v. De la Garza*, 516 F.3d 1286, 1272 FN4 (11th Cir. 2008). The USA is NOT exempt from disclosing the "**relationship between the defendant and the forum**," which the Defendant DENIES that that there is any "relationship" that would put them in the "public rights" doctrine under the Plenary Power of Congress in the District of Columbia under the "Internal Revenue."

**a. "citizen of North Dakota."**

The Appellate is a "citizen of North Dakota" and has his unalienable rights secured in the Constitution of North Dakota. The Appellate is not "citizens of the United States" under 14 Stat. 27 memorialized in the 14th Amendment that are using the "public rights" doctrine with no remedies in any constitutional Court.



Appellate Case: 15-3110 Page: 48 Date Filed: 11/05/2015 Entry ID: 4334124

The question arises where does the right or privilege of voting arise under: The Constitution of the United States or the constitution of one of the several States? The answer is found in *United States v. Anthony*, 24 F.Cas. 829, 829, 830 (Cir.Ct. N.D.N.Y. 1873), to wit:

> The thirteenth, fourteenth and fifteenth amendments were designed mainly for the protection of the newly emancipated negroes, but full effect must, nevertheless, be given to the language employed.
>
> * * *
>
> The **right of voting,** or the privilege of voting, is a right or privilege **arising under the constitution of the state**, and not under the constitution of the United States; and second, that a right of the character here involved is not one connected with **citizenship of the United States**.
>
> * * *
>
> [I]f rights of a citizen are thereby violated, they are of that fundamental class, **derived from his position as a citizen of the state, and not those <u>limited rights belonging to him as a citizen of the United States</u>**; and such was the decision in *Corfield v. Coryell*, 6 F.Cas. 546, 551, 552 (1823)

In *Kineen v. Wells*, 11 N.E. 916, 918, 919 (Sup.Jud.Ct.Mass. 1887), to wit:

> If the legislature can impose certain restrictions upon one class of voters, and exempt another, what is the limit to its discretion?
>
> * * *
>
> The **right or privilege of voting is a right or privilege arising under the constitution of each state**, and **not under the constitution of the United States.** The voter is entitled to vote in the election of officers of the United States by reason of the fact that he is a voter in the state in which he resides. He exercises this right because he is entitled to by the laws of the state where he offers to exercise it, and not because he is a citizen of the United States. *United States v. Anthony*, 24 F.Cas. 829, 830 (Cir.Ct. N.D.N.Y. 1873)

In *Corfield v. Coryell*, 6 F.Cas. 546, 551, 552 (1823), a case the Circuit Court of the United States has described the privileges and immunities of the citizens of the several States in great detail including this excerpt to which some additional protections under fourteenth Amendment were overlaid but the fundamental right of the elective franchise is still posited in the constitution of one of the several States, to wit:

> [M]ay be mentioned as some of the particular privileges and immunities of citizens, which are clearly embraced by the general description of privileges **deemed to be fundamental**: to which may be added, the **elective franchise, as regulated and established by the laws or constitution of the state in which it is to be exercised.**

**b. The Fourteenth Amendment Doesn't Apply To "citizens of the United States" in the District of Columbia.**

There is a fraud being perpetuated by always requiring the "citizen of the United States" be affirmed on almost all documents including the voter registration in Oklahoma, the affirmation before a jury is set in the courts of Oklahoma and also in all federal Courts for the qualifications to be in a Grand Jury or on a Petit Jury in the federal courts of limited jurisdiction in the several States.

In *Neild v. District of Columbia*, 110 F.2d 246, 250 FN10 (1940) citing the holding of *Wright v. Davidson*, 181 US. 371, 384 (D.C. Cir. 1940), to wit:

> [H]olding the **Fourteenth Amendment inapplicable to the District of Columbia.** On the other hand, the rights and liberties protected by the bill of rights (Amendments I to VIII) against encroachment by the



Appellate Case: 15-3110 Page: 50 Date Filed: 11/05/2015 Entry ID: 4334124

> national **government have been held applicable to the District although not to the states.** Thus, the provisions of the Fourth Amendment are not applicable to the states (*National Safe Deposit Co. v. Stead,* 232 U.S. 58, 34 S.Ct. 209, 58 L.Ed. 504; *Ohio ex rel. Lloyd v. Dollison,* 194 U.S. 445, 24 S.Ct. 703, 48 L.Ed. 1062), although they are to the District. *United States v. Mattingly*, 52 App.D.C. 188, 285 F. 922

A "citizen of the United States" in the District of Columbia's Statutes is a "qualified elector" as found in DC ST § 1-1001.02 (2) "The term "**qualified elector**" means a person who . . . (B) is a **citizen of the United States**." A "citizen of the United States" outside of the District of Columbia under the Fourteenth Amendment is a fiction in law—"All of this is a fiction in law[31]" and has the same rights a "corporation, which is included in the Fourteenth Amendment definition of "person" as found in *Grosjean v. American Press Co.*, 297 U.S. 233, 244 (1936) and *First National Bank of Boston v. Bellotti*, 436 U.S. 765, 780 FN15 (1978). Also this "citizen of the United States" in 14 Stat. 27 (1866) codified today in 42 U.S.C. §§§ 1981, 1982 and 1988 that has the same rights as a "white citizen" is memorialized in the 14th Amendment.

---

[31] *McDonald v. City of Chicago*, 130 S.C. 3020, 3062 (2010).

**c. The Fifteenth Amendment Does not Confer any Right of Suffrage on Anyone.**

The holding in the Supreme Court of the United States has held that the 15th Amendment does not confer any Right of Suffrage on anyone *Le Grand v. United States*, 12 F. 577, 578, 579 (Cir.Ct. E.D.Tx. 1882) yet the State of Oklahoma has this in their voter registration, to wit:

> The fifteenth amendment can have no application. That amendment relates to the right of citizens of the United States to vote. It *579 does not confer the right of suffrage on any one. It merely invests citizens of the United States with the constitutional right of exemption from discrimination in the exercise of the elective franchise on account of race, color, or previous condition of servitude. *U.S. v. Reese*, 92 U.S. 214 (1875); *U.S. v. Cruikshank*, 92 U.S. 542 (1875); S.C. 1 Woods, 322.

**G. Public Rights Doctrine and Tax Court.**

The Defendants risk waiving "personal jurisdiction" or giving the appearance of waiving "personal jurisdiction" by arguing the issues of relationship to the government under the appearance of a contract or benefit. See *Insurance Corp. of Ireland, Ltd, et al., v. Compagnie des Bauxites de Guinee*, 102 S.Ct. 2099, 2015 (1982) "In *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964), we **stated** that "**parties to a contract may agree in advance to submit to the jurisdiction of a given court**."

In *Crowell v. Benson*, 285 U.S. 22, 50-51 (1932), to wit

> Thus the Congress, in exercising the powers confided to it, may establish 'legislative' courts (as distinguished from 'constitutional courts in which the judicial power conferred by the Constitution can

be deposited') **which are to form part of the government of territories or of the District of Columbia, [FN12]** or to serve as special tribunals **'to examine and determine various matters, arising between the government and others, which from their nature do not require judicial determination and yet are susceptible of it.'** But 'the mode of determining matters of this class is completely within congressional control. **Congress may reserve to itself the power to decide, may delegate that power to executive officers, or may commit it to judicial tribunals.'** *Ex parte Bakelite Corporation*, 279 U. S. 438, 451, 49 S. Ct. 411, 413, 73 L. Ed. 789. Familiar illustrations of administrative agencies created for the determination of such matters are found in connection with the exercise of the congressional power as to interstate and foreign commerce, **taxation,** immigration, the public lands, public health, the facilities of the post office, pensions, and payments to veterans. **FN13.**

**FN 12** *American Insurance Co. v. Canter*, 1 Pet. 511, 546, 7 L. Ed. 242; *Keller v. Potomac Electric Power Co.*, 261 U. S. 428, 442-444, 43 S. Ct. 445, 67 L. Ed. 731; ***Postum Cereal Co. v. California Fig Nut Co***., 272 U. S. 693, 700, 47 S. Ct. 284, 71 L. Ed. 478.

**FN 13**. *Virginian Railway Co. v. United States*, 272 U. S. 658, 663, 47 S. Ct. 222, 71 L. Ed. 463; *Tagg Bros. & Moorhead v. United States*, 280 U. S. 420, 442, 50 S. Ct. 220, 74 L. Ed. 524; *International Shoe Co. v. Federal Trade Commission,* 280 U. S. 291, 297, 50 S. Ct. 89, 74 L. Ed. 431; *Phillips v. Commissio*ner, supra; *United States v. Ju Toy*, 198 U. S. 253, 263, 25 S. Ct. 644, 49 L. Ed. 1040; ***United States v. Babcock***, 250 U. S. 328, 331, 39 S. Ct. 464, 63 L. Ed. 1011; *Burfenning v. Chicago, St. Paul, etc., Rwy. Co.,* 163 U. S. 321, 323, 16 S. Ct. 1018, 41 L. Ed. 175; *Bates & Guild Co. v. Payne*, 194 U. S. 106, 109, 24 S. Ct. 595, 48 L. Ed. 894; *Houston v. St. Louis Packing Co.*, 249 U. S. 479, 484, 39 S. Ct. 332, 63 L. Ed. 717; *Passavant v. United States,* 148 U. S. 214, 219, 13 S. Ct. 572, 37 L. Ed. 426; *Silberschein v. United States,* 266 U. S. 221, 225, 45 S. Ct. 69, 69 L. Ed. 256.



Appellate Case: 15-3110 Page: 53 Date Filed: 11/05/2015 Entry ID: 4334124

## H. The Known Legal Duty is an Issue of Law.

Has the USA disclosed regulations promulgated in the Federal Register for the Part 1 Subtitle A Income Tax that established a Known Legal Duty of the Assessments under 26 U.S.C. § 6203—Method of Assessment claimed in the USDC Dkt. 1 that is also in accord with 26 U.S.C. § 7701(a)(23)—Taxable Year and 26 U.S.C. 7701(a)(16)—Withholding Agent. The Answer is NO.

"The existence of a known legal duty owed by a taxpayer is a question of law for the court", and this was held in *United States. v. Pirro*, 96 F.Supp.2d 279, 283 (D.C. S.D. N.Y. 1999). *Affirmed in U.S. v. Pirro*, 212 F.3d 86 ( 2nd Cir. 2000).

See also *United States. v. Ingredient Tech. Corp.*, 698 F.2d 88 (2nd Cir. 1983).

It would be very confusing to the jury to have opposing opinions of the law admitted into evidence involving a factual question for them to decide and if the tax law is uncertain, the Indictment should be dismissed. This is a question of law for the Court. This is the pronouncement in the adjudged case of *United States. v. Ingredient Tech. Corp.*, 698 F.2d 88 (2nd Cir. 1983), to wit:

> . . . **it would be very confusing to a jury to have opposing opinions of law admitted into evidence as involving a factual question for them to decide.** Indeed, as that dissent points out, the inevitable logic of the majority's decision in Garber is that if **the tax law is uncertain, the indictment should be dismissed. Questions of law are for the court.** United States v. Bronston, 658 F.2d 920, 930 (2d Cir.1981), cert. denied, --- U.S. ----, 102 S.Ct. 1769, 72 L.Ed.2d 174 (1982); Marx & Co. v. Diners Club, Inc., 550 F.2d 505, 509-10 (2d

Cir.), cert. denied, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977).

"It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." as pronounced in *Marx & Co. v. Diners Club, Inc.*, 550 F.2d 505, 509-510 (2nd Cir. 1977), *cert denied,* 434 U.S. 861 (1977). An further *ibid at 510* "(Construction (of a contract) is always a matter of law for the Court."). See also *United Stats v. Lanni*, 466 F.2d 1102, 1110 (3rd Cir. 1972). "It is settled that when the law is vague or highly debatable, a defendant-actually or imputedly-lacks the requisite intent to violate it." as held in *United States v. Critzer*, 498 F.2d 1160, 1162 (4th Cir. 1974). See also *United States. v. Mallas*, 762 F.2d 361 (4th Cir. 1985).

**I. The Jurisdiction Of The Federal United States District Courts and Of the Courts of Appeals Within the Terrortial Boundaries of the several States Are Prohibited From Adjudicating Non-judicial issues (Tax Court of the United States), But the United States District Courts and Appeals Court in the District of Columbia Can Adjudicate Article I.**

The United States District Court and the Court of Appeals within the District can adjudicate non-judicial issues under the Authority of Article I, section 8, clause 17. This is evidenced in *Keller v. Potomac Electric Power Co. Inc.*, 262 U.S. 428, 442-444 (1923), to wit:

> **By the Constitution (clause 17, section 8, article 1) Congress is given** power **'to exercise exclusive legislation in all cases whatsoever, over'** the District of Columbia. This means that as to the District Congress possesses, not only the power which belongs to it in respect of **territory within a state, but the power of the state as**



Appellate Case: 15-3110 Page: 55 Date Filed: 11/05/2015 Entry ID: 4334124

> **well. In other words, it possesses a dual authority over the District, and may clothe the courts of the District, not only with the jurisdiction and powers of federal courts in the several states, but with such authority as a state may confer on her courts.** *Kendall v. United States,* 12 Pet. 524, 619, 9 L. Ed. 1181. * * *
>
> [444] **Such legislative or administrative jurisdiction, it is well settled cannot be conferred on this court either directly or by appeal.** The latest and fullest authority upon this point is to be found in the opinion of Mr. Justice Day, speaking for the court in *Muskrat v. United States*, 219 U. S. 346, 31 Sup. Ct. 250, 55 L. Ed. 246. **The principle there recognized and enforced on reason and authority is that the jurisdiction of this court and of the inferior courts of the United States ordained and established by Congress under and by virtue of the third article of the Constitution is limited to cases and controversies in such form that the judicial power is capable of acting on them and does not extend to an issue of constitutional law framed by Congress for the purpose of invoking the advice of this court without real parties or a real case, or to administrative or legislative issues or controversies.** *Hayburn's Case,* 2 Dall. 410, note (1 L. Ed. 436); *United States v. Ferreira,* 13 How. 40, 52, 14 L. Ed. 42; *Ex parte Siebold*, 100 U. S. 371, 398, 25 L. Ed. 717; *Gordon v. United States*, 117 U. S. 697, appendix; *Baltimore & Ohio R. R. Co. v. Interstate Commerce Commission*, 215 U. S. 216, 30 Sup. Ct. 86, 54 L. Ed. 164.

Of course the 8th Circuit Court of Appeals that arise only under the limited jurisdiction of federal courts imposed by Article III § 2 are only giving the appearance of the "characteristics" of an Article III Court as found in the District by remaining *sub silentio* when there is a mandated duty to validate *de novo* the "subject matter jurisdiction" before proceeding with all cases or controversies[32]

---

[32] *Insurance Corp. of Ireland, Ltd, et al., v. Compagnie des Bauxites de Guinee,* 102 S.Ct. 2099, 2014 (1982).



Appellate Case: 15-3110 Page: 56 Date Filed: 11/05/2015 Entry ID: 4334124

exercising the judicial Power of the United States authorized arising under Article III; but, in reality then the 8th Circuit is adjudicating the Article I "public rights" doctrine under Article I Section 8 clause 17, being *ultra vires.* Inquisitor Holmes invoking the Article I Section 8 Clause jurisdiction of the "internal revenue laws" in Inquisitorial Court **with the only Appeal being to the 8th Circuit Court of Appeals** with administrative or legislative functions is prohibited in all Court of Appeals by *stare decisis*, precedent and Article III as pronounced in *Postum Cereal Co. Inc. v. California Fig Nut Co.*, 272 U.S. 693, 700-701 (1926), to wit:

> The distinction between the jurisdiction of this court which is confined to the hearing and decision of cases in the **constitutional sense and that of administrative action and decision, power for which may be conferred upon courts of the District is shown in the case** of *Keller v. Potomac Electric Company*, 261 U. S. 428, 440, 442, 443, (1923). There it is pointed out that, while Congress in its constitutional exercise of exclusive legislation over the District may clothe the courts of the District, not only with the jurisdiction and powers of the federal courts in the several states, but also with such authority as a state might confer on her courts (*Prentis v. Atlantic Coast Line Company*, 211 U. S. 210, 225, 226, (1908)), and **so may vest courts of the District with administrative or legislative functions which are not properly judicial, it may not do so with this court, or any federal court established under article 3 of the Constitution.** Of the jurisdiction of this court, we said, at page 444 of 261 U. S. (43 S. Ct. 449):
>
> '**Such legislative or administrative jurisdiction, it is well settled, cannot be conferred on this court either directly or by appeal.** The latest and fullest authority upon this point is to be found in the opinion of Mr. Justice Day, speaking for the court in *Muskrat v. United States*, 219 U. S. 346 (1902). The principle there recognized and enforced on reason and authority is that the jurisdiction of this court and of the inferior courts of the United States ordained and

> established by Congress under and by virtue of the third article of the Constitution is limited to cases and controversies in such form that the judicial power is capable of acting on them, and does not extend to an issue of constitutional law framed by Congress for the purpose of invoking the advice of this court **without real parties or a real case**, or **to administrative or legislative issues or controversies.**

### J. There is NO Case or Controversy Jurisdiction in 8th Circuit Court of Appeals in the Territorial Boundaries of the several States Precluding any "Subject Matter Jurisdiction" and Venue Regarding the "Internal Revenue Laws"

The Court of Appeals of the 8th Circuit arising under Article III in the territorial boundaries of the several States does not sit as "conservators over public rights," and further this is no "controversy" that been plead in the Article I Section 8 Clause Inquisitorial Court (Tax Court of the United States."

In *State of Georgia v. Stanton*, 73 U.S. 50, 60 (1867), to wit:

> Counsel must show a controversy with a party, **not a controversy with the law**; **they must show an individual right**, **not a general public right**. **This court does not sit as conservators over public rights**, and as such to guard them in the very beginning against the execution of an obnoxious law. **It sits only in a controversy after a controversy has arisen.**

## VI. Conclusion.

There is no remedy for the Appellate with a bona fide Case or Controversies arising under Article III exercising the judicial Power of the United States from the Article I Section 8 Clause 17 Inquisitorial Court (Tax Court of the United States) for a citizen of North Dakota domiciled in North Dakota.



Appellate Case: 15-3110 Page: 58 Date Filed: 11/05/2015 Entry ID: 4334124

There no “clear and convincing” evidence arising under Article III for Civil Cases of Cases or Controversies to enter into the 8th Circuit Court of Appeals arising under Article III.

Therefore the 8th Circuit can’t send this alleged Case or Controversy back to an Article 1 Section 8 Clause 17 Inquisitorial Court, wherein the only remedy that the Appellate sees is for the 8th Circuit to dismiss this Appeal for Lack of Subject Matter Jurisdiction” with prejudice.

And further, this Court shall exercise its judicial Power of the United States arising under Article III with its superior knowledge of the Laws of the United States in accord with Article III cases and controversies.

/s/ Robert Allen Morgan



Appellate Case: 15-3110 Page: 59 Date Filed: 11/05/2015 Entry ID: 4334124

## Case Number No. 15-3110

## Certificate of Compliance Pursuant to Fed. R. App. P. 32(a)(7)C) and Circuit Rule 32-1.

I certify that one copy of the Appellant's Brief and one copy of the Appendix were mailed to the 8th Circuit and one copy of the Appellant's Brief with one coy of the Appendix were mailed to the Department of Justice; and, all were mailed First Class United States Postal Service to the following Parties on November 2nd, 2015, to wit:

**Opposing Counsel**
**Laurie Snyder**
U.S. Department of Justice
Tax Division/Appellate Section
P.O. Box 502
Washington, D.C. 20044
202-514-6066 Phone

**8th Circuit Court of Appeals**
Michael E. Gans, Clerk of the Court
Thomas F. Eagleton, Courthouse
111 South 10th Street, Room 24.329
St. Louis, Missouri 63102
314-244-2400 Phone
314-244-2780 Fax

I also certify that the number of words is 13,669 in 42 pages in Times Roman size 14 points proportionately spaced in the Appellate Brief in compliance with the 8th Circuit Rules.

/s/ Robert Allen Morgan



Appellate Case: 15-3110 Page: 60 Date Filed: 11/05/2015 Entry ID: 4334124